**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. CANNON, | No. 17-56804 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02582-CAB-BLM |
| v. | |
| AUSTAL USA LLC; UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted May 17, 2019
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,** District
Judge.

William Cannon was injured while working on a Navy vessel. On November

17, 2015, Cannon filed this action against the United States seeking damages under

the Jones Act, 46 U.S.C. § 30104, and the Longshore and Harbor Workers'

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Compensation Act, 33 U.S.C. §§ 901–950. The district court granted summary judgment to the government, finding Cannon's claims time-barred. The court's summary judgment order relied on Cannon's deposition testimony that the accident occurred a day or two after the vessel returned from sea trials, and undisputed evidence that the ship returned from those trials during August 2013, more than two years before suit was brought.[1]

The central question on appeal is whether the district court erred in declining to consider Cannon's post-deposition declaration stating that the accident occurred on the date an incident report was completed, and the incident report, which listed the date of the accident as November 25, 2013. We have jurisdiction under 28 U.S.C. § 1291 and vacate the summary judgment.

1. The district court abused its discretion in excluding Cannon's post-deposition declaration under the "sham affidavit" rule. *See Messick v. Horizon Indus. Inc.*, 62 F.3d 1227, 1231 (9th Cir. 1995) (describing rule). Although the declaration was inconsistent with the portion of Cannon's deposition testimony concerning the proximity of the accident to the return of the vessel from sea trials, Cannon never identified the date of the accident in his deposition, and Cannon presented evidence that the accident occurred in November. The incident report,

---

[1]    The parties agree that the applicable limitations period is two years.

2

which Cannon identified as "accurate" during his deposition and claimed to have filled out on the date of the accident, contains the November date.[2] The record does not thus present a "clear and unambiguous" "inconsistency between a party's deposition testimony and subsequent affidavit." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998–99 (9th Cir. 2009).

2. The district court abused its discretion in excluding the incident report as hearsay. Under Federal Rule of Evidence 801(d)(1)(B)(i), the statement was not hearsay because it was "consistent with" Cannon's declaration and offered "to rebut an express or implied charge that the declarant recently fabricated" his post-deposition testimony that the accident occurred in November. *See United States v. Chang Da Liu*, 538 F.3d 1078, 1086 (9th Cir. 2008).

3. Because the declaration and the incident report create a genuine issue of fact as to the date of the accident, the district court erred in granting summary judgment on the statute of limitations issue.

**VACATED and REMANDED.**

---

[2] Another witness testified that he told Cannon to prepare the incident report on the day Cannon said the accident occurred, although he believed that date to be closer to the summer than November.